Please be seated. Mr. Clerk, will you call the next case please? 3-16-0-1-6-4. People of the State of Illinois. Appellee by John Duffy v. Celeste Gawlak. Appellant by Yasmin Eken. May it please the Court. My name is Yasmin Eken, and I represent the appellant Celeste Gawlak. This appeal is from the dismissal of a second-stage post-conviction petition, and I've rephrased this to a second-stage post-conviction petition. For purposes of this argument, I would like to focus on the second issue, and that is that the petition made a substantial showing that Mr. Gawlak's constitutional rights to the effective assistance of trial and appellate counsels were violated, and that therefore his case should be remanded for an evidentiary hearing. Our Supreme Court has advised that the purpose of the Post-Conviction Hearing Act is to give defendants one complete opportunity to show a substantial denial of their constitutional rights. At the second stage, Mr. Gawlak was required to make a substantial showing of a constitutional violation. Importantly, at this stage, he is not required to prove his claims. Instead, all well-pleaded facts in his petition are taken as true, and if those facts make a substantial showing of a constitutional violation and are not positively rebutted by the record, then the petition must advance to a third-stage evidentiary hearing. First, the petition made a substantial showing that Mr. Gawlak was denied effective assistance of counsel during plea negotiations. Based on our United States Supreme Court decision in Lafler and the Illinois cases cited in our brief, the law is clear that defense counsel has a duty to correctly inform the defendant of the consequences of either accepting or rejecting a plea, and that a defendant who goes to trial instead of taking a more favorable plea without knowing the consequences is prejudiced when the sentence imposed is more severe than the sentence offered, and the defendant is not able to prove his constitutional rights. In his sworn affidavit, Mr. Gawlak stated that counsel failed to advise him that if convicted after trial, he was subject to mandatory consecutive sentences. Also, he alleged that had he known of those consequences, he would have accepted the state's offer of six years on a single criminal sexual abuse charge. Now, under the law, and taken as true, these facts make a substantial showing of ineffective assistance of counsel. The state argues that Mr. Gawlak was not prejudiced because he received the minimum aggregate term of 15 years, but that misses the point. According to him, the sentence he was offered was six years, which was substantially lower than the sentence he received. As discussed in our brief, in People v. Williams, the appellate court found that under similar circumstances, the defendant made a substantial showing that he was denied effective assistance of counsel during plea negotiations. Like Gawlak, the defendant in that case alleged that counsel failed to inform him of the possibility of consecutive sentences if convicted, and that had he known, he would have accepted the state's offer of the lesser sentence. And the appellate court noted that this type of claim typically involves off-the-record facts, and therefore could only be resolved in an evidentiary hearing. Now, the state does not distinguish Williams or mention it in its brief. Their primary argument is that Mr. Gawlak's claims are contradicted by the record, but the parts of the record cited by the state do not rebut his claim. For instance, the state refers to arraignment where the court advised Mr. Gawlak of the sentencing range of six to 30 years for the Class X offenses and three to seven years for the Class II offenses. But the judge said nothing about the requirement that the sentence were mandated to run consecutively. The state also points to statements made by the prosecutor at sentencing and Mr. Gawlak at the hearing on his Krankel motion. But nothing in those statements reveal anything about what counsel communicated to Mr. Gawlak about the plea offer before trial and during plea negotiations. Because his statements are not positively rebutted by the record, and because taken as true, they make a substantial showing that counsel was ineffective. His petition should be remanded for an evidentiary hearing on this claim. The petition also made a substantial showing that appellate counsel was ineffective for not raising an issue about trial counsel's failure to object and exclude police officers' opinion testimony that Mr. Gawlak's demeanor and behavior during their interrogation of him was consistent with his guilt. Now, a claim of ineffective assistance of appellate counsel requires a showing that appellate counsel's performance was deficient, and but for counsel's error, there was a reasonable probability that the appeal would have been successful. And again, at this stage, Mr. Gawlak was only required to make a substantial showing of ineffective assistance of appellate counsel. Here, the underlying error was trial counsel's ineffective assistance in failing to object when the state deliberately and repeatedly elicited improper testimony from its police witnesses that Gawlak's behavior and demeanor during their interview indicated he was guilty. This evidence has been referred to as human lie detector testimony, and courts find it improper because it amounts to nothing more than useless, inadmissible opinion testimony by the officers that the defendant's story is not true. May I interrupt? Sure. And clarify the record for me. Did the officers really question about whether his demeanor suggested he was ashamed or he was guilty? Was the word guilty used? The word... Remorseful and ashamed. I think I saw the record, but I could be wrong. They said remorseful and ashamed. It was clearly to suggest a consciousness of guilt, but I think what the main problem in this case is it was even worse than suggesting deception. Because when... They didn't use the word guilty. Well, what they used, to be specific, Detective Revis testified after he described his demeanor, that based on his experience of having conducted 50 to 100 sex crime investigations, Mr. Gawlak's demeanor and behavior during the interview was very consistent with individuals who commit sex offenses. Okay. Yes. He didn't use the word guilt, but he said it was typical of the behavior of sex offenders. And this is especially prejudicial here because it carried the weight of Detective Revis's authority, and it went to the ultimate issue of his guilt by saying that basically he behaved the way that other guilty sex offenders that Detective Revis had interviewed behaved. Didn't the officers also testify that he said things that were consistent with guilt? That's correct, Your Honor. That's correct. They said he made some somewhat inculpatory statements. However, he also denied committing the most serious of the charges against him. And I think that's what the problem here, that's why it makes it so prejudicial. Because, I mean, the state understands the importance of this evidence. And they understand that a confession is one of the most powerful pieces of evidence that they can present. And so, but they couldn't quite get Mr. Gawlak there. They understood that where he made some inculpatory statements, but he denied the most serious charges against him. And that's when, you know, they deliberately elicited the testimony about his demeanor and Detective Revis's improper opinion that his demeanor was consistent with guilty sex offenders to turn his somewhat inculpatory statement into basically an inculpatory statement. Basically a full-blown confession. So, you know, given the importance of this evidence to the state's case and the prejudicial nature of police opinion statements, going to the ultimate issue of fact here, trial counsel's failure to object was unreasonable and rendered the proceedings fundamentally unfair. Therefore, had appellate counsel raised a claim of ineffective assistance of counsel on these grounds, there's a reasonable probability that the results of the appeal would have been different. And therefore, Mr. Gawlak's position also makes a substantial showing of ineffective assistance of appellate counsel for failing to raise this issue. Would you address the first issue or indulge me in a question on the first issue? The ineffective assistance of trial counsel. Since the trial court explained that the range for one offense was 6 to 30 and your client received 15, within that range, where is the prejudice for ineffective assistance of trial counsel? The prejudice is based on his statement, which we take as true, that he was actually offered 6 years on just one charge. And that had he known that his sentence, he also alleges in his affidavit that he thought because he didn't have a criminal history, the most he would get was the minimum sentence. Well, if you look at the minimum sentence of concurrent on the three charges, it would have been 6 years, so that reasonably supports his claim. He knew there was a risk of up to 30 without a deal on one charge. He did know that, but all he has to show in this case is that he rejected a more, under the law, he rejected a more favorable offer of 6 years on one charge. Without understanding the consequences that his sentence was required. The fact that he knew there was a possibility is different than knowing the consequences that his sentences were required to be mandatory consecutive and factoring that into his decision in terms of whether to reject the 6 year offer. Okay, you've answered my question. Okay. Can you discuss for me the waiver of counsel? I'm sorry, whether the waiver of counsel was... Knowing and telling. Oh, sure, sure. Mr. Godlock had a right to counsel and under the law, if he wished to waive counsel, the waiver had to be knowing and intelligent and clear and unequivocal. In this case, our position is that it was not. And that is because Mr. Godlock indicated that he wanted to proceed with his appointed post-conviction counsel, but he also, at that time, had filed a separate section 2-1401 petition. And a private counsel entered his appearance on that. The post-conviction counsel protested as to having to work in this kind of co-counsel arrangement and said that if the private counsel was going to enter his appearance, it should be on all cases. And the trial judge, circuit court, informed Mr. Godlock that basically gave him an ultimatum that he would either have to proceed pro se on his post-conviction petition or forgo his 2-1401 petition. And our position is that the court's advice was incorrect. And in fact, Mr. Godlock said that he felt forced to, because he did want to proceed with his 2-1401, but he felt forced to waive his right to post-conviction counsel given the court's ultimatum. And really, the court's ultimatum did not have a legal basis, because the post-conviction proceedings are completely discreet from the 2-1401 proceedings. And while Mr. Godlock has the right to appointed counsel on post-conviction proceedings, he doesn't have the equivalent right in 2-1401 proceedings, except he does have a due process right to be heard through counsel. And so he has a right to hire an attorney on the 2-1401 petition. So there was no conflict there. There was no legal basis to the court's decision that he could not proceed in that manner. And so based on that, the argument is that Mr. Godlock did not voluntarily waive his right to counsel. In fact, as he said, he was forced to waive his right to counsel and proceed. Finally, Your Honor, the last issue I will address is that Mr. Godlock made a substantial showing of ineffective assistance of appellate counsel for failing to raise the issue about the state's improper participation during the hearing on his crankle motion. When presented with this motion, the trial court was required to conduct a preliminary inquiry into the claim. What's not allowed, and what did happen here during this inquiry for the state's improper participation, is that Mr. Godlock was not allowed to speak at the hearing on his crankle motion. He was not allowed by the state to take an adversarial role during the proceedings. And one reason for this was explained in Fields and Jolly, and that is that the purpose is to have a neutral trial, or in fact, evaluate the claims and to make an objective record for review. And that goes circumvented when the court allows the state to bias the record against a pro se defendant. But here, the more fundamental concern, really, is that when a preliminary hearing turns into an adversarial proceeding, the defendant, without waiving his right to be represented by counsel at a critical stage of proceedings, again, is forced to represent himself. And he's forced to argue the merits of his claim with both the defense and the state opposing him. The state agrees that Fields and Jolly apply here, but they argue that the prosecutor's participation wasn't adversarial. That's completely contradicted by the record. If you look at page 45 on our brief, the prosecutor argued against several of Mr. Godlock's claims and maintained they didn't warrant further inquiry. Their participation was clearly adversarial. So, for all these reasons, we ask that this court reverse the circuit court's dismissal of his post-conviction petition and remand for an evidentiary hearing on his claims of ineffective assistance of trial in appellate counsel. Thank you. Ms. Duffy? This defendant, no less than three, maybe four times, he was appointed a public defender. He fired him. He wanted him back. He fired him. And then he told the judge, I shouldn't have withdrawn my motion to dismiss this attorney. I don't want him. This went on for almost a year and a half. This public defender batted back and forth. There are certain motions he could not represent this defendant on, one being a motion for DNA testing, which was argued in front of this court last month. Then there was a 214-01 petition he had private counsel for, Attorney Kaplan, who may or may not have wanted to come in and represent him on the post-conviction petition, but he never entered his appearance. He decided not to represent him on this. Judge Roszak got to the point where he said, listen, you don't want the public defendant. I want standby counsel. In other words, I want to be the attorney, but I want somebody who actually knows the law sitting next to me. Judge Roszak said no. Post-conviction proceeding, you either proceed pro se or you accept the representation of the public defender. I wish to proceed pro se. And he has a right to do that, too. If the trial judge had not allowed him to do that, we'd be here arguing that he was denied his right to self-representation. The record simply does not bear out that it was the judge's fault that this defendant proceeded pro se. It was the defendant's choice, and it was a choice he had the right to make. His allegation in his post-conviction petition of ineffective assistance of trial counsel is indeed rebutted by the record. There was no prejudice to this defendant when it comes to being admonished on what the possible sentences were. He was charged with two class X felonies, predatory criminal sexual assault of a child, both of those, and a criminal sexual abuse. The trial judge admonished him as to what the possible sentences were. In this case, proceeded for some time. Did the trial court in its admonitions tell him that he was subject to consecutive sentences? No. Mandatory consecutive? No. Okay. And this defendant, he filed an affidavit stating, I, you know, got this plea offer. Six years and I would have taken it. Well, there's no evidence that that plea offer was actually made. There is some evidence that an offer was made. The defendant himself related that three days before his jury trial, his attorney came to him and tried to convince him to take a deal, and he said no. Okay. You want your jury trial? I got your jury trial. That's not the fault of his trial counsel. That's his fault. And counsel has argued that Detective Rivas, Detective Rivas was talking about the defendant's actions, which appeared to be that of a guilty person, though he never actually rendered an opinion as to whether or not the defendant committed this offense or whether he was telling the truth. But they argued that defense counsel was ineffective in not objecting. That's not accurate. Defense counsel did object to Detective Rivas' testimony. And I'm going to cite that page for you. He objected as to whether a suspected, his testimony as to whether a suspected sex offender not being able to express the whole truth and being questioned. That's on the record, page 600. Defense counsel then, on cross-examination of Detective Rivas, got him to admit that the defendant on numerous occasions denied engaging in any inappropriate behavior with the victim. So that is not accurate to say that there was no objection by trial counsel. The other detectives who testified, nowhere did they render an opinion as to whether or not the defendant was guilty or an opinion as to whether or not he told the truth when they interviewed him. They were entitled to testify as to what the defendant said in those interviews and how the defendant acted, what they observed. That is not inadmissible testimony. As to the allegations of ineffective assistance by appellate counsel, this Krinkle hearing that took place after the defendant was convicted, the judge did have the assistant state's attorney present and defense counsel was present. The defendant had lodged 38 separate objections to his trial counsel's job performance and so the judge wanted little help. He wanted some help separating the chaff from the wheat. This was not an adversarial hearing. This was to help the judge move along these allegations that the defendant had made. Nowhere did the assistant state's attorney question the defendant. Defense counsel virtually said nothing. I mean, they were there in order to keep this case on track and that's all they did. The trial judge himself questioned the defendant and the defendant engaged in conversation with the judge about each and every allegation that he made, all 38 of them. This defendant was not prejudiced by the way this Krinkle hearing was handled. Moreover, I think there's another allegation of ineffective assistance on the part of the appellate counsel for failing to raise ineffective assistance of trial counsel. Well, if those individual acts by trial counsel are not ineffective assistance, then appellate counsel is not ineffective for failing to raise them, is not entitled or not duty bound to raise issues that he knows have no merit. I don't really have any other points. I think the other points are in the brief. I don't need to read from those, but if you have any questions on any of these issues, I'd certainly be happy to answer. Thank you. Thank you, Your Honor. Counsel argues that the waiver of post-conviction counsel was knowing and intelligent because for several hearings, there was a back and forth as to whether Mr. Godelock wanted to represent himself or whether he wanted to proceed per se. And I would suggest that the back and forth shows that his waiver was not unequivocal. But aside from that fact, because those hearings, if I set them forth in my brief, occur before, and I would urge you to look at the two crucial dates, which are going to be May 14th, 2015, and June 16th. And on May 14th is when private counsel appeared along with post-conviction counsel. And that is really when post-conviction counsel indicated that he was just not going to represent Mr. Godelock if he proceeded with his 2-1401, even though there was really no basis for that. But he insisted that he just would not engage in such a co-counsel arrangement. And the court actually... Can I interrupt you for a moment there? The defendant has a right to file a 2-1401 on whether he's represented by counsel or not. Post-conviction counsel was saying, I don't want these two proceedings going at the same time. That's correct, Your Honor. That's correct. But there was no basis for him not wanting, for him prohibiting Mr. Godelock from proceeding on that. In fact, what it really was, I mean... At that point, post-conviction was in the case. Post-conviction counsel was in the case, on the post-conviction case. But it was clear from the record that really what, and Mr. Kaplan made this clear, that he was just going to raise a crankle, jolly issue and argue void sentence. And it was clear that the public defender was not going to raise that issue. And Mr. Godelock wanted to pursue that issue. But he understood that he was bound by the public defender's decisions on his post-conviction petition. And he respected that. And he said, I want to work with him. We are working well together, and I want to continue working with him. And he even asked the judge, please... I don't want counsel. It was counsel, post-conviction counsel, that said, I can't work under these circumstances. Exactly. And the judge forced the defendant to make a choice. That's right. That's right. And so, yeah, so it wasn't a voluntary choice by Mr. Godelock. It was all these circumstances. And I would just really urge you to look at, again, those two dates are really the ones where you'll see that Mr. Godelock's decision ultimately to waive counsel was based on what I would consider misadvice by the court, that he was required to proceed this way. And as far as the issue about ineffective assistance of counsel during guilty plea negotiations, really, if you look at Laffler and all the other Curry, Barks, if you look at Lilliams, which is the most recent case, whether or not Mr. Godelock knew about the maximum sentence is really irrelevant to this claim. Because the claim is that his attorney failed to advise him of the consequences of going to trial. So he was not fully aware when he rejected a much lesser sentence, that he would be required to serve mandatory consecutive sentences. So really, this is not a claim where it could be harmless, or there's no prejudice because he knew that he could have possibly gotten up to 30 years. What's prejudicial is not knowing that his sentences would be consecutive. He rejected an offer of six years. That's the crucial point here. Counsel also argues that there was no evidence a plea offer was made. Well, at this point, we take Mr. Godelock's allegations as true, and we liberally construe them in favor of him. And he says that there was a six-year plea offer made. As to the human lie detector testimony, counsel points out that the defense counsel did object to the testimony. First of all, there's at least five instances here, instances where the officers testified about Mr. Godelock's demeanor and behavior during the interview they were completely not objected to, and those are set forth in my brief. And I will say this, the one time counsel objected that the state refers to, the state asked Detective Revis, do you find that there are sometimes defendants that are not able to get all the way to the full truth? And Detective Revis replied yes. After counsel's objection was sustained, the very next question was, well, do you find that based on your training and experience, the way that the defendant was sort of giving a little bit at a time was consistent with sexual perpetrators? And Detective Revis responded consistent with no objection from counsel. So actually there's six instances of improper and irrelevant testimony of Mr. Godelock's demeanor during the interview that were not objected to. Finally, counsel argued that the prosecutor simply helped the judge along during the Krenkel hearing. You know, at various points, if helping along means giving reasons for why defense counsel would not have succeeded in presenting evidence Mr. Godelock alleged he should have presented, if helping along means disputed Godelock's claim that counsel did not adequately discuss his case with him, which frankly I don't know how the prosecutor would even know that, and then repeatedly interjecting possible justifications for counsel's actions to argue that they don't warrant further inquiry, then helping moving along here is taking an adversarial position against his motion, which is completely prohibited under Fields and Jolly. And in fact, I list on page 45 of the brief all those instances. Therefore, again, Your Honor, we just ask that this court reverse the circuit court's dismissal and remand for an evidentiary hearing on this case. Thank you. Thank you both for being here today. We will take this matter under advisory to get back to you with a written disposition within a short day. We will now take a short recess.